**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEDRO VILLALTA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-cv-00099-E** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 24), Appendix in Support (ECF No. 25); Plaintiff's Response (ECF No. 26), and Defendant's Reply (ECF No. 28). Having reviewed the Parties' filings and the relevant caselaw, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment.

## I. BACKGROUND[1]

This litigation arises out of claim made by Pedro Villalta ("Plaintiff"). On September 20, 2023, Plaintiff filed a claim with State Farm Lloyds ("Defendant") claiming water damage occurred on September 19, 2023, to the property located at 1609 Rindie St., Irving, Texas 75060, ("the Property"). Defendant issued a Homeowners Insurance Policy numbered #43-C7-G921-8 ("the Policy"), which provided coverage for the Property during the policy period from November 15, 2022, through November 15, 2023.

On September 21, 2023, Defendant sent a letter to Plaintiff acknowledging the claim. On October 14, 2023, Plaintiff hired Pinnacle Restoration Group ("Pinnacle") to repair the home and

[1] Unless otherwise specified, undisputed facts are taken from the summary judgment briefing. *See* ECF Nos. 24–28.

on October 27, 2023, Plaintiff hired Precision Claims Consulting LLC ("Precision") who estimated the Replacement Cost Value ("RCV") and Actual Cash Value ("AVC") of the loss. Precision "determined the Property sustained covered damage totaling $347,150.67 RCV including $144,972.49 RCV ($143,657.89 ACV) for mitigation, $151,227.84 RCV ($147,595.38 ACV) for reconstruction, and $50,950.34 for contents manipulation." On November 3, 2023, Defendant inspected the property and drafted an estimate of $42,918.31 in interior repairs; after deductions for deductible and depreciation, it resulted in a payment to Plaintiff of $22,574.21 (with recoverable depreciation of $18,480.10).

On January 23, 2024, Defendant sent Plaintiff a letter stating the repair to the plumbing system or appliance that failed was an excluded event which would not be covered. Defendant sent a supplemental payment of $29,283.48 and letter to Plaintiff on January 29, 2024. Precision submitted a proof of loss to Defendant on February 18, 2024, and a discrepancy report on February 19, 2024.

On April 1, 2024, Defendant sent a letter to Plaintiff with payment of $10,077 and on April 2, 2024, paid an additional $700 for water mitigation. On April 15, 2024, Defendant sent a letter to Plaintiff with additional interest payment of $95.66. Then on June 14, 2024, after a reinspection, Defendant sent two payments to Plaintiff, including $44,895.30 in floor repairs and pack-out costs, as well as $1,956.39 for interest because Defendant "identified a potential question regarding whether" time requirements set by Texas statute subchapter B of Chapter 542 "were met."[2]

On or about July 3, 2024, Defendant received a DTPA demand for $397,150.67, with the public adjuster estimate and attorney fees (exceeding available coverage on the policy). On August 5, 2024, Defendant responded to the DTPA demand confirming that Defendant had paid for

[2] Def.'s App. Supp. 18, ECF No. 25.

covered damages and that the remaining requests exceed the scope of the policy. On December 17, 2024, Plaintiff filed his Original Petition in state court and Defendant removed to this Court on January 14, 2025. Pinnacle completed repairs on the Property on October 29, 2025. Following completion of the repairs, Pinnacle drafted its final invoice for the work performed totaling $155,139.52.

On May 15, 2026, Defendant filed its Motion for Summary Judgment. The motion is now ripe.

## II. LEGAL STANDARD

The Court should grant summary judgment where the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, the Court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). If there is no support for disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

## III. ANALYSIS

Plaintiff brought claims for (a) Breach of Contract, (b) Violations of Texas Insurance Code, (c) Prompt Payment of Claim Violations (Ch. 542), and (d) Breach of the Common Law Duty of Good Faith and Fair Dealing. Defendant moves for summary judgment on all claims.

### A. Breach of Contract

In the Petition, Plaintiff alleges Defendant refused to pay the full value of the claim caused by the water leak.[3] To prevail on a breach of contract claim under Texas law, a plaintiff must prove: (1) there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff must show Defendant failed to pay for a covered loss under the policy. *Buchholz v. Crestbrook Ins. Co.*, No. 1-20-CV-449-RP, 2022 WL 378442 at *5 (W.D. Tex. Feb. 8, 2022). An insured cannot recover repair or replacement cost more than what the insured spent. *Ghoman v. New Hampshire Ins. Co.*, 159 F. Supp. 2d 928, 932 (N.D. Tex. 2001).

In support of its motion, Defendant argues it fully paid Plaintiff for all covered losses.[4] Plaintiff argues that Pinnacle "provided Defendant with a final invoice" for the work it performed

[3] Pl.'s Pet. ¶ 18, ECF No. 1-2.
[4] *See generally* Def. Mot. Summ. J., ECF No. 24.

totaling $155,139.52 and Defendant only estimated $115,997.88 as the final scope of damage.[5] Here, there is no dispute over coverage. Instead, the Court must determine if there is a genuine dispute of material fact over the amount owed to Plaintiff based on the Policy. While Defendant is correct that it only owes for the amount Plaintiff actually pays, there is a genuine dispute of material fact over which amount applies. Plaintiff argues the contract is unsigned and the actual amount owed is the final invoice for $155,139.52. Defendant believes the contract applies and only requires Plaintiff to pay $115,997.88. The issue over which amount applies is a genuine dispute of material fact to be resolved by a jury. Therefore, the Court **DENIES** summary judgment for the breach of contract claim.

**B. Violations of the Texas Insurance Code**

The Court found a genuine dispute of material fact existed in the breach of contract claim. Therefore, the extracontractual claims relating to the Texas Insurance Code must be analyzed independently. Plaintiff accuses Defendant of violating six different provisions of the Texas Insurance Code.[6] The Court examines each in turn.

First, the Texas Insurance Code § 541.060(a)(1) makes actionable a misrepresentation to a policyholder about a material fact or policy provision related to the coverage at issue. TEX. INS. CODE § 541.060(a)(1). Section 541.061 makes actionable an insurer's misrepresentation of policy provisions. TEX. INS. CODE § 541.061. Section 541.051 makes actionable a misrepresentation about the terms and benefits of a policy. TEX. INS. CODE § 541.051. "A statement that concerns a difference of opinion regarding the extent of damage is not a statement of a material fact or policy provision." *Hart v. State Farm Lloyds*, 713 F. Supp. 3d 282, 290 (N.D. Tex. 2024) (internal quotations omitted). The only misrepresentation presented by Plaintiff was the amount of coverage

---

[5] Pl.'s Resp. 10, ECF No. 26.
[6] Pl.'s Pet. ¶¶ 29–37, ECF No. 1-2.

owed by Defendant.[7] This is a mere difference of opinion on the extent of damage and thus does not constitute misrepresentation. Therefore, the Court **GRANTS** summary judgment for the Texas Insurance Code section 541.060(a)(1) claim.

Second, Plaintiff alleges that Defendant violated Texas Insurance Code section 541.060(a)(2) because Defendant showed a lack of good faith by increasing the estimate after later inspections.[8] Under Texas law there must be (1) clear liability on the part of Defendant, and (2) failure by Defendant to offer a prompt, fair, and equitable settlement. *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 888 (N.D. Tex. 2018), *aff'd*, 787 F. App'x 194 (5th Cir. 2019). An insurer breaches the duty of good faith if they fail to investigate a claim. *Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 998 (N.D. Tex. 2018). "The key inquiry is the reasonableness of the insurer's conduct after liability has become reasonably clear." *Tucker v. State Farm Fire & Cas. Co.*, 981 F. Supp. 461 (S.D. Tex. 1997). Here, Defendant did not fail to investigate the loss. On the contrary, as admitted by Plaintiff, Defendant investigated the loss multiple times and when presented with new information increased its loss amount.[9] There is no evidence presented of bad faith by Plaintiff, therefore the Court **GRANTS** summary judgment for the Texas Insurance Code section §541.060(a)(2)(a) claim.

Third, Plaintiff alleges that Defendant violated Texas Insurance Code section 541.060(a)(3) because the correspondence sent by Defendant failed to account for "objectively covered damage… found by Plaintiff's expert."[10] Plaintiff cites to no case law to support his argument.[11] However, courts have found correspondence to be reasonable when a reasonable

[7] Pl.'s Resp. 12, ECF No. 26.
[8] Pl.'s Resp. 12, ECF No. 26.
[9] *Id.*
[10] *Id.* at 14.
[11] *Id.*

explanation of the decision is provided. *Nieto v. State Farm*, 722 F. Supp. 3d 653, 659 (S.D. Tex. 2024). In *Neito*, the court granted summary judgment based on the denial letter because the defendant explained its conclusion that wear and tear, rather than a storm caused the roof damage, and that, as a result, the policy did not cover the damage. *Id.* Here, Defendant's letter likewise cites the relevant policy provisions and explains the basis for the denial. Therefore, the Court **GRANTS** summary judgment for the Texas Insurance Code section §541.060(a)(3) claim.

Fourth, Plaintiff argues Defendant violated §541.060(a)(4) because it failed to send the reservation of rights until 10 months after the claim.[12] Defendant claims it inspected the property and issued a coverage decisions withing a reasonable time but does not argue that a reservation of rights was not required or that it was sent on time.[13] Courts have found that time periods up to six months can be reasonable. *Abesu v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:24-CV-3171-N, 2026 WL 1959123 at *4 (N.D. Tex. July 6, 2026). Here, Defendant affirmed coverage within the six-month period even though it took ten months to send the reservation of rights.[14] The statute states the insurance company must "(A) affirm or deny coverage of a claim to a policyholder; **or** (B) submit a reservation of rights to a policyholder." Tex. Ins. Code Ann. § 541.060(a)(4) (emphasis added). Defendant affirmed coverage, therefore, there is no fact question for the jury on the reasonableness of time. Therefore, the Court **GRANTS** summary judgment for the Texas Insurance Code section §541.060(a)(4) claim.

Fifth, Plaintiff argues Defendant violated §541.060(a)(7) because Defendant turned a "blind eye" to covered damage suffered by the property.[15] Courts have granted summary judgment when an insurance company took steps consistent with a reasonable investigation such as

---

[12] Pl.'s Resp. 14–15, ECF No. 26.
[13] Def. Mot. Summ. J. 11, ECF No. 24.
[14] Pl.'s Resp. 3–6, ECF No. 26.
[15] Pl.'s Resp. 15, ECF No. 26.

communicating with the insured, preparing an estimate, and continuing to engage in coverage discussions. *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 538–39 (N.D. Tex. 2022). Here, Defendant conducted multiple inspections, communicated with Plaintiff, and continued to adjust its coverage decision when presented with new information.[16] Defendant did not provide evidence showing that Defendant failed to conduct a reasonable investigation. Therefore, the Court **GRANTS** summary judgment for the Texas Insurance Code section §541.060(a)(7) claim.

The Court grants Defendant's summary judgment motion in regard to Plaintiff's claims under Section 541.061(1), (2), or (3), because Plaintiff does not oppose Defendant's motion in regard to those specific claims.[17] The Court **GRANTS** summary judgment for the Texas Insurance Code Section 541.061(1), (2), or (3) claims.

### C. Violation of The Prompt Payment Statute

"To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019). "The Texas Supreme Court has explained that an insurer is liable on a TPPCA claim when it (1) has completed its investigation, evaluated the claim, and come to a determination to accept and pay the claim or some part of it; or (2) been adjudicated liable by a court or arbitration panel." *Senechal v. Allstate Vehicle & Prop. Ins. Co.*, 127 F.4th 976, 981 (5th Cir. 2025) (internal quotations omitted). "If an insurer rejects a claim, it has concluded based on its investigation and evaluation that it owes no benefits under the policy and is not liable for the claim; unless and until the insurer later accepts the claim, thereby admitting liability, or there is a judgment that the insurer wrongfully rejected

[16] Def. Mot. Summ. J. 11, ECF No. 24; Pl.'s Resp. 15, ECF No. 26.
[17] Def. Mot. Summ. J. 15–16, ECF No. 24.

the claim, the insurer is not liable for a claim under an insurance policy under section 542.060." *Barbara Techs. Corp.,* 589 S.W.3d at 819 (internal quotations omitted). Plaintiff argues that Defendant violated the partial payment statute because Defendant initially underpaid the claim due to a bad investigation.[18] If a jury finds Defendant liable for underpaying the initial claim, then Defendant will have missed the initial payment deadline. Therefore, the Court **DENIES** summary judgment for the TPPCA claim.

**D. Breach of Common Law Duty of Good Faith and Fair Dealing**

An insurer breaches its duty of good faith and fair dealing when the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997). An insurer will be liable if the insurer denies a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered or if they fail to reasonably investigate the claim. *Id.* at n. 5. Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App. 2011). "A court may be entitled to decide an issue as a matter of law when there is no conflict in the evidence, but when there is evidence on either side, the issue is a fact question." *Giles*, 950 S.W.2d at 56. Plaintiff argues he presented evidence showing Defendant failed to reasonably investigate the claim.[19] The Court disagrees, Plaintiff presented evidence showing Defendant investigated multiple times and adjusted its value each time.[20] Additionally, even though Defendant did not begin investigating until after remediation started, Defendant's investigation

[18] Pl.'s Resp. 16, ECF No. 26.
[19] *Id.*
[20] Pl.'s Resp. 16, ECF No. 26; Def. Mot. Summ. J. 15–16, ECF No. 24.

began within two months of the loss being reported.[21] Therefore, the Court **GRANTS** summary judgment for the breach of good faith and fair dealing claim.

Defendant also asks this Court to grant summary judgment on Plaintiff's "knowing claims."[22] As Plaintiff states in the response, Plaintiff's causes of action do not include an action for knowingly violating the Texas DTPA.[23] The statute cited by Defendant "541.002(a)" is just the definition the term "knowingly" in the Texas Insurance Code. Tex. Ins. Code Ann. § 541.002. Plaintiff has presented enough evidence by showing the back and forth between Plaintiff and Defendant on value of the loss to create a question of fact about whether Defendant acted knowingly in regard to any violations.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment is **GRANTED in part and DENIED in part** (ECF No. 24). Plaintiff's statutory claims under the Texas Insurance Code and the Breach of Common Law Good Faith and Fair Dealing are **DISMISSED with prejudice**. The Court **DENIES in part** Defendant's motion for Summary Judgment for the Breach of Contract Claim and TPPCA claim. The remaining claims for trial are Plaintiff's Breach of Contract claim and TPPCA claim.

**SO ORDERED** this **30th day** of **September 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[21] Pl.'s Resp. 17, ECF No. 26.
[22] Def. Mot. Summ. J. 14, ECF No. 24.
[23] Pl.'s Resp. 17–18, ECF No. 26.